## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE MOODY, JR.,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **HITECH LANDSCAPE, DESIGN** | ) | |
| **& MANAGEMENT, INC.** | ) | |
| **a domestic corporation,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## COMPLAINT

Plaintiff WILLIE MOODY, JR. (hereinafter "MOODY" or "Plaintiff")
hereby sues Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT,
INC., a domestic corporation, (hereinafter "Defendant") for injunctive relief,
attorney's fees, litigation expenses, and costs pursuant to the Americans with
Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter "ADA"), and the ADA
Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"). In support
thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1.     This is an action for declaratory and injunctive relief pursuant to Title
III of the ADA. This Court is vested with original jurisdiction over the action

pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., failure to remove physical barriers to access and violations of Title III of the ADA.

2.     Venue is properly located in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

## PARTIES

3.     Plaintiff, WILLIE MOODY, JR. is an Alabama resident individual. Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff utilizes a wheelchair for mobility due to permanent spinal damage sustained when he was wounded while serving his country in the United States Army. Plaintiff's condition is one that constitutes a physical impairment which impacts and substantially limits the major life activity of walking and having complete use of his extremities and as such is a qualified disability under the ADA.

4.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's

civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make areas that the he frequents more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning to the Subject Facility as soon as it is accessible ("Advocacy Purposes").

5.     Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., is a domestic corporation registered to do business and, in fact, is conducting business in the State of Alabama and within this judicial district.

## FACTUAL ALLEGATIONS

6.     In October of 2019, Plaintiff attempted to patronize the "Sunoco" gas station and convenience store located at 820 Green Springs Highway, Homewood, Alabama, 35209.

7.     HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action referenced herein as the "Subject Property" and/or "Subject Facility".

8.     Plaintiff frequently travels to and spends time in the Birmingham area as he receives treatment for his medical conditions there.  He also frequently makes day and overnight trips to Birmingham to visit with his immediate family that reside in the city and its surrounding areas.

9.     Plaintiff's access to the Sunoco located at 820 Green Springs Highway, Homewood, Alabama 35209, Jefferson County Tax Assessor's parcel identification number 29 00 23 1 003 027.000 ("Subject Property", "Subject Facility"), and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was prevented and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., is compelled to remove the physical barriers to access present and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

10.     Plaintiff has visited, and/or attempted to patronize the Subject Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed.  The purpose of the revisit is to be a regular customer, to determine if and when the

Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

11.     Plaintiff intends on revisiting the Subject Property to purchase goods and/or services as a regular customer as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the subject public accommodation known to Plaintiff to have numerous and continuing barriers to access.

12.     Plaintiff traveled to the Subject Property as a customer and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Subject Property.

## COUNT I

13.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

14.     The Subject Property is a public accommodation and service establishment.

15.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

16.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

17.     The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

18.     Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as an intended patron and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

19.     Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations

commonly offered at the Subject Property but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

20.    Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

21.    Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

22.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

PARKING

a.   The Plaintiff could not safely offload his wheelchair from his vehicle because there is no designated van accessible parking present (which is required to provide sufficient space for Plaintiff to safely and independently exit his vehicle) in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter his vehicle while parked at the Subject Property.

b.   The Plaintiff could not safely utilize the parking facility because several of the designated accessible parking spaces are not level in all directions in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to attempt to transfer from his vehicle to his wheelchair (and vice versa) using the designated accessible parking.

c.   The Plaintiff could not safely utilize the parking facility because the access aisle serving the designated accessible parking space is not level in all directions in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to transfer from his vehicle to his wheelchair (and vice versa) using the designated accessible parking.

d.  The Plaintiff could not safely utilize the parking facility because the designated accessible parking spaces have an access aisle that is not level in all directions and does not extend the full length of the parking spaces it serves without obstruction (due to the sloped obstruction created by the position of the built-up curb ramp within the access aisle) in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to transfer from his vehicle to his wheelchair (and vice versa) using the designated accessible parking.

PATHS OF TRAVEL/ACCESSIBLE ROUTES
(Exterior)

e.  The Plaintiff could not independently use the curb ramp to access the subject facility without suffering overexertion and fatigue because the running slope of the curb ramp is too steep.  Violation: The curb ramp (the only means of access to wheelchair users) has a run which exceeds the maximum slope requirement (8.33%) set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG.

f.  The Plaintiff could not safely traverse the path of travel from the parking area to the storefront entrance doors because the curb ramp lacks the required unobstructed level landing.  Violation: The ramp does not have an unobstructed and level surface for its landing in violation of Sections 4.7 and 4.8 of the 1991 ADAAG and Sections 405 and 406 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to access the Subject Facility.

ACCESS TO GOODS/SERVICES
(Exterior)

g.  The Plaintiff could not independently access the
    bagged ice cooler (one of two ice coolers) positioned
    <u>on</u> the storefront built-up curb because it has no level
    maneuvering clearance for wheelchair users to gain
    access to the cooler's outward swinging doors.
    Violation: There is no clear ground space for forward
    or side reach access to the bagged ice cooler doors in
    violation of Sections 4.2.5 and/or 4.2.6 of the 1991
    ADAAG and Section 306 of the 2010 ADAAG. This
    violation made plaintiff feel isolated and separate from
    Defendant's able-bodied patrons.

h.  The Plaintiff could not independently access the
    bagged ice cooler positioned <u>off of</u> the storefront curb
    because it has handles that are too high to reach and no
    level maneuvering clearance for wheelchair users to
    gain access to the cooler's outward swinging doors.
    Violation: The cooler door handles are too high for a
    forward reach and there is no clear ground space for
    forward or side reach access to the bagged ice cooler
    doors in violation of Sections 4.2.5 and/or 4.2.6 of the
    1991 ADAAG and Sections 306 and 308 of the 2010
    ADAAG. This violation made plaintiff feel isolated
    and separate from Defendant's able-bodied patrons.

i.  The Plaintiff could not independently use the curb
    ramp to access the exterior restroom without suffering
    overexertion and fatigue because the running slope of
    the curb ramp is too steep.  Violation: The curb ramp
    (the only means of access to the restroom for
    wheelchair users) has a run which exceeds the
    maximum slope requirement (8.33%) set forth in
    Section 4.7.2 of the 1991 ADAAG and Section 406.1
    of the 2010 ADAAG.

j.  The Plaintiff could not safely use the public restroom entrance due to a lack of level maneuvering clearance at the outward swinging entry doors.  Violation: The paved area immediately outside the restroom entry door has inclined approach that extends into the level maneuvering clearance required for a wheelchair user to approach and access the outward swinging restroom entry door in violation of Section 4.13.6 of the 1991 ADAAG and Section 404.2.4.1 of the 2010 ADAAG. This violation made it difficult and stressful for Plaintiff to access restroom.

## ACCESSIBLE RESTROOM

k.  The Plaintiff could not use the toilet independently as the required side wall and rear wall grab bars were positioned too high in violation of Section 4.17.6 and Figures 30(c) and 30(d) of the 1991 ADAAG and Sections 604.5.1 and 604.5.2 of the 2010 ADAAG.

l.  The Plaintiff could not use the side wall grab bar without difficulty as the toilet paper dispenser was mounted to abut the grab bar from underneath which obstructed Plaintiff's ability to fully grasp the bar where the dispenser is located.  Violation: The toilet paper dispenser is mounted at a noncompliant proximity to the side wall grab bar in violation of Section 4.16.6 of the 1991 ADAAG and Section 604.7 of the 2010 ADAAG.

m. The Plaintiff could not safely access the toilet because it sits too high.  Violation: The toilet seat height is too high when measured from the floor to the seat in the lowered position in violation of Section 4.16.3 of the 1991 ADAAG and Section 604.4 of the 2010 ADAAG.

## MAINTENANCE PRACTICES

n.  Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.  This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

o.  Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused his danger, anxiety, embarrassment and/or humiliation.

p.  Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

23.     The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered.  A complete list of the Subject Property's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.  Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the defendant does not intend to comply with the ADA.

24.     Upon information and belief accessible elements at the Subject Property have been altered and/or constructed since 2010.

25.     The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

26.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42

U.S.C. § 12181(9); 28 C.F.R. § 36.304.

27.     Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

28.     Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the subject property, the structural design of the Subject Facility, and the straightforward nature of the necessary modifications.

29.     To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendant.

30.     Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

31.     By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of

the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

32.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

33.    Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein.

Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

34.     Plaintiff's requested relief serves the public interest.

35.     Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

36.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR § 36.211.

WHEREFORE, the Plaintiff prays as follows:

A.     That the Court find Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., in violation of the ADA and ADAAG;

B.     That the Court enter an Order requiring Defendant, HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC., to (i) remove the physical barriers to access and (ii) alter Sunoco's to make the Subject Property readily

accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.    That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

E.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.    An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.    An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 16th day of January, 2020.

Respectfully submitted,

By:  s/Amanda H. Schafner_____
       Amanda H. Schafner
       Bar Number: ASB 5509S54C
       Attorney for Plaintiff
       The Schafner Law Group, LLC
       P.O. Box 841
       Birmingham, AL 35201
       Telephone: (256) 490-3004
       Fax: (205) 847-5126
       E-Mail: ahschafner.law@gmail.com

**DEFENDANT TO BE SERVED:**

HITECH LANDSCAPE, DESIGN & MANAGEMENT, INC.,
c/o Arambage Abesinghe
4028 Lambert Trail
Vestavia, AL 35242